IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MITCHELL CRAIG LITZ, | ) | |
| | ) | Case No. 1:19-cv-01 Erie |
| Petitioner | ) | |
| | ) | RICHARD A. LANZILLO |
| v. | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| ATTORNEY GENERAL OF THE | ) | ORDER ON MOTION FOR |
| STATE OF PENNSYLVANIA, et al., | ) | EVIDENTIARY HEARING [ECF No. 19], |
| | ) | MOTION FOR EXPERT WITNESS [ECF |
| Respondents | ) | No. 21], MOTION FOR SUMMARY |
| | ) | JUDGMENT [ECF No. 22], AND |
| | ) | MOTION TO APPOINT COUNSEL |
| | ) | [ECF No. 23] |

Presently pending before the Court are Petitioner's Motion for Evidentiary Hearing [ECF No. 19], Motion for Expert Witness [ECF No. 21], Motion for Summary Judgment [ECF No. 22], and Motion to Appoint Counsel [ECF No. 23]. For the reasons which follow, each motion is denied.

With respect to Petitioner's requests for discovery, it is well-established that a "habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). *See also Harris v. Nelson*, 394 U.S. 286, 300 (1969) (noting that "broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts authorizes discovery only by leave of court upon a showing by the petitioner of "good cause," meaning that "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief[.]" *Harris*, 394 U.S. at 300. *See also Bracy*, 520 U.S. at 908-09. As in all habeas cases, the Court will, in due course, review the parties'

1

filings and the state court record to determine whether a hearing is required and/or whether other discovery, such as expert testimony, is appropriate. Should the Court decide that discovery or a hearing is appropriate, the parties will subsequently be provided with an opportunity to submit supplemental memoranda of law. In the meantime, Petitioner's request for an evidentiary hearing and expert testimony is DENIED, without prejudice.

Petitioner's request for counsel [ECF No. 23] is also denied. Petitioner has no constitutional right to counsel in this habeas proceeding, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and, because this is a non-capital case, he has no statutory right to counsel. Rather, the Court should appoint counsel for a financially-eligible habeas petitioner only where such appointment is required by the Rules Governing Section 2254 Cases in the United States District Courts or otherwise furthers the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); Section IV.A.2.b of the Criminal Justice Act Plan of the United States District Court for the Western District of Pennsylvania. The Rules Governing Section 2254 Cases contemplate two such scenarios: where the Court authorizes discovery and determines that appointment is "necessary for effective discovery," *see* Rule 6(a), or where the Court determines that "an evidentiary hearing is warranted," *see* Rule 8(c).

In the instant case, the Court has determined that there are no grounds to support the appointment of counsel at this time and, therefore, Petitioner's motion is DENIED. In the event that the Court subsequently determines that this case is one in which it should (or must) appoint counsel, the Court will do so in accordance with its Criminal Justice Act Plan.

Finally, the Court will dismiss Petitioner's request for summary judgment [ECF No. 22] as procedurally inappropriate. The Rules Governing Section 2254 Cases in the United States District Courts provide for the following pleadings: a petition for writ of habeas corpus, an

answer from the Respondents, and a reply from the Petitioner. The Rules do not provide for the filing of a summary judgment motion because such a motion, even if properly supported, simply duplicates the request for relief stated in the original habeas petition. Because any claims for relief raised in Petitioner's motion for summary judgment will be fully addressed upon consideration of his petition, his motion for summary judgment will be dismissed as unnecessary and duplicative.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Date: July 17, 2019