# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MITCHELL CRAIG LITZ,         )
      Petitioner,           )
                          )
         v.                )        **Case No. 1:19-CV-01**
                          )
                          )
**COMMONWEALTH OF**       )
**PENNSYLVANIA, et al,**      )
        **Respondents.**       )

## MEMORANDUM ORDER

This petition for writ of habeas corpus was received by the Clerk of Court on January 2, 2019 and was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

As the grounds for habeas relief, Petitioner claimed that he should have received an accommodation for or assistance with his hearing loss at trial and that his trial counsel was ineffective for failing to investigate his innocence.

On May 13, 2019, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the petition for writ be dismissed with prejudice. ECF No. 38. Judge Lanzillo concluded that because the grounds raised in the petition were procedurally defaulted, the petition should be dismissed.

Petitioner filed Objections to the Report and Recommendation [ECF No. 40] and Supplemental Objections [ECF No. 49]. Following a *de novo* review of the petition for writ of habeas corpus and the filings in the case, the undersigned adopted the Report and Recommendation as the Opinion of this Court. ECF No. 50. Thereafter, Petitioner filed an appeal

to the Court of Appeals for the Third Circuit and on March 3, 2021, the Circuit denied the application for Certificate of Appealability. ECF No. 55; ECF No. 59.

Presently pending is Petitioner's motion to vacate pursuant to Federal Rule of Civil Procedure 60(b). Petitioner argues that (1) his sentence was illegal; (2) trial counsel was ineffective for failing to object to the illegal sentence; and (3) that post-conviction counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness in this regard. ECF No. 60.

While Petitioner styles the present motion as a motion to vacate, it is not. Rule 60(b) motions "that bring new claims or 'attack the federal court's previous resolution of a claim on the merits' are not true Rule 60(b) motions but are instead disguised second or successive habeas petitions." *Glover v. Capozza*, 2022 WL 1570473, at *1 (M.D. Pa. May 18, 2022) *quoting Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Petitioner is seeking habeas relief on grounds not raised in this case at the operative petition. As such, the motion to vacate is an attempt to bring new grounds for relief through a second petition for writ of habeas corpus. Put another way, Petitioner is seeking another bite at the habeas apple.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricts this Court's jurisdiction over a second or successive petition. "Before a second or successive application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing Section 2254 Proceedings ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition …"). Without the required authorization by the court of appeals, the district court lacks jurisdiction over the second or successive petition.

In this case, Petitioner has not demonstrated that he has sought and received the appropriate permission from the Court of Appeal to file a successive petition. Accordingly, the pending motion will be denied.

AND NOW, this _14_ day of July 2022;

IT IS HEREBY ORDERED that  Petitioner's motion for default [ECF No. 64] is denied as Respondent filed a timely response.

IT IS FURTHER ORDERED that Petitioner's motion to vacate [ECF No. 60] is denied as it is an attempt to bring a subsequent petition and this Court lacks jurisdiction to hear such.

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge